STATE OF WEST VIRGINIA

FILED

**November 21, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **M.M., G.M., and J.M.**

**No. 18-0629** (Braxton County 17-JA-45, 17-JA-46, and 17-JA-47)

## MEMORANDUM DECISION

Petitioner Mother M.T., by counsel Andrew Chattin, appeals the Circuit Court of Braxton County's June 15, 2018, order terminating her parental and custodial rights to M.M., G.M., and J.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Mary Elizabeth Snead, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental and custodial rights without first granting her an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2017, the DHHR filed a petition alleging that petitioner's substance abuse negatively affected her ability to parent the children and that she abandoned the children. According to the DHHR, petitioner entered into a safety plan in December of 2016 which temporarily placed the children with their maternal grandmother. However, after the safety plan expired and the parents regained custody, petitioner returned the children to the care of their grandmother. The grandmother was later granted legal guardianship over the children. The DHHR alleged that petitioner continued to abuse controlled substances and indicated that she was uninterested in attending an inpatient substance abuse treatment.

The circuit court held adjudicatory hearings in December of 2017 and January of 2018. Petitioner did not appear at the hearings, but was represented by counsel. The DHHR explained

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

that petitioner's whereabouts were unknown. Based on the evidence presented, the circuit court found that petitioner previously admitted to substance abuse which affected her ability to parent the children. Accordingly, the circuit court adjudicated petitioner as an abusing parent.

In April of 2018, the circuit court held the final dispositional hearing. Petitioner did not appear, but was represented by counsel. The DHHR presented evidence that petitioner failed to communicate with the DHHR and failed to enroll in an inpatient substance abuse treatment program. The circuit court noted that it previously continued the dispositional hearing to allow petitioner additional time to participate in drug treatment. Ultimately, the circuit court found that petitioner failed to comply with any and all services offered by the DHHR and concluded that there was no reasonable likelihood that she could substantially correct the conditions of abuse and neglect in the near future. Accordingly, the circuit court terminated petitioner's parental and custodial rights in its June 15, 2018, order. Petitioner now appeals that order.[2]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating her parental and custodial rights without first granting her an improvement period. Petitioner asserts that she should have been granted an improvement period in order to prove that she could correct the conditions of abuse and neglect. Yet, in order to be granted an improvement period, West Virginia Code § 49-4-610 provides that a parent must first file "a written motion requesting the improvement period." On appeal, the record does not contain a written motion requesting an improvement period and petitioner does not cite to the record to establish when such request was

---

[2]The father's parental and custodial rights were also terminated. M.M.'s mother is currently participating in an improvement period and his permanency plan is reunification with her. According to the parties, the permanency plan for the other two children and the concurrent plan for M.M. is adoption by the paternal grandmother.

made, if at all. "'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)." *Noble v. W.Va. Dep't of Motor Vehicles*, 223 W.Va 818, 679 S.E.2d 650 (2009). Accordingly, petitioner's assertion that she should have been granted an improvement period will not be considered on appeal.

However, the record clearly supports the circuit court's termination of petitioner's parental and custodial rights. West Virginia Code § 49-4-604(b)(6) provides that a circuit court may terminate parental and custodial rights upon findings that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the children. West Virginia Code § 49-4-604(c)(1) provides that there is no reasonable likelihood that the conditions of abuse and neglect can substantially corrected when "[t]he abusing parent . . . [has] habitually abused or [is] addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the person . . . [has] not responded to or followed through the recommended and appropriate treatment." Here, the circuit court found that petitioner was addicted to controlled substances and that she previously refused inpatient substance abuse treatment. Further, petitioner offered no evidence that she obtained substance abuse treatment, despite prompting by the DHHR and accommodations by the circuit court. Finally,

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Termination of petitioner's parental and custodial rights was appropriate due to the circuit court's findings that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect and that termination was necessary for the children's welfare. Accordingly, we find no error in the circuit court's termination of petitioner's parental and custodial rights.

Lastly, because the proceedings in circuit court regarding the mother of M.M. are still ongoing, this Court reminds the circuit court of its duty to establish permanency for the child. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for children within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 6. Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under W.Va.Code § 49-6-5(a)(6) [1996] [now West Virginia Code § 49-4-604(b)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.*, 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 15, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**: November 21, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment

4